UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Lucas Tree Expert Co., *Plaintiff*, v. The Commonwealth of Massachusetts, Department of Transportation, *Defendant*. | CASE NO.: _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES the Plaintiff, John Lucas Tree Expert Co., by and through its counsel, Bernstein, Shur, Sawyer & Nelson, P.A., and hereby complains against the Defendant, the Commonwealth of Massachusetts, Department of Transportation, and requests declaratory judgment and other relief as follows:

**PARTIES**

1. The Plaintiff, John Lucas Tree Expert Co. ("Lucas Tree"), is a Maine corporation in good standing with a principal office address of 12 Northbrook Drive, Falmouth, Maine 04105. Lucas Tree is authorized as a foreign profit corporation to do business in Massachusetts and is in good standing. At all times relevant herein, Lucas Tree contracted with the Defendant in 2010 for two separate contracts, Contract # 64695 for sight distance clearing and tree removal at various locations in District 5 and Contract # 66675 for tree removal and sight distance clearing at various locations in District 6 (collectively the "Contracts").

2. Defendant, Commonwealth of Massachusetts, Department of Transportation ("MassDOT"), is an agency and political subdivision of the Commonwealth of Massachusetts

1

with its principal office address of 10 Park Plaza, Boston, Massachusetts 02116. At all times relevant herein, MassDOT acted by and through its Districts 5and 6 and contracted with the Lucas Tree in 2010 for the Contracts.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the parties and the causes of action alleged herein pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, and also pursuant to 28 U.S.C. §§ 2201, 2202.

4. This Court has supplemental jurisdiction over the causes of action alleged herein under Massachusetts law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the causes of action alleged herein occurred in this jurisdiction and because the Defendant has a principal office in Suffolk County.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

6. On or about August 19, 2010, MassDOT District 5 awarded a contract, Contract # 64695, to Lucas Tree for tree removal and sight distance clearing at various locations in District 5.

7. Similarly, on or around December 14, 2010, MassDOT District 6 awarded a contract, Contract # 66675, to Lucas Tree for tree removal and sight distance clearing at various locations in District 6.

8. In November 2010, before MassDOT awarded the Contracts to Lucas Tree, Lucas Tree affirmatively provided its proposed prevailing wage rates to MassDOT in its bids for the Contracts.

9. Prior to award, MassDOT reviewed the prevailing wage rates proposed by Lucas Tree in its bids and Lucas Tree's confirmation that it would abide by the prevailing wage rates proposed.

10. Based in part on its acceptance of Lucas Tree's proposed prevailing wage rates, MassDOT awarded the Contracts to Lucas Tree.

11. The Contracts included as specifications the prevailing wage rates proposed by Lucas Tree.

12. Pursuant to the prevailing wage rates that Lucas Tree proposed, which MassDOT approved, Lucas Tree subsequently completed its work under both Contracts.

13. Because the Contracts were based on Unit Prices or Time and Materials, MassDOT compensated Lucas Tree for the work it performed in part by paying Lucas Tree the prevailing wage rates that Lucas Tree was paying its employees, and to which the parties previously agreed.

14. The amount paid by MassDOT under the Contracts is directly proportional to the prevailing wage rates paid by Lucas Tree.

15. In 2012, Lucas Tree learned that the Commonwealth of Massachusetts, Office of the Attorney General, Fair Labor Division was investigating the work that Lucas Tree performed for MassDOT under Contract # 64695 and Contract # 66675 for alleged wage and hour law violations.

16. In April 2013, Lucas Tree first notified MassDOT District 5 and District 6 of this investigation and the allegation that Lucas Tree failed to adequately compensate its employees according to the applicable prevailing wage rates for the work performed under the Contracts.

17. The Office of the Attorney General, Fair Labor Division undertook this investigation and made this allegation despite the fact that Lucas Tree paid the prevailing wage rates agreed to by MassDOT for the work completed under the Contracts.

18. At that time, Lucas Tree informed MassDOT District 5 and District 6 that should Lucas Tree be required to pay higher prevailing wage rates than it set out in its bids and what was agreed to by MassDOT for work on the Contracts, Lucas Tree intended to look to MassDOT for adjustments in the Contracts.

19. In the years following, Lucas Tree engaged in negotiations with the Office of the Attorney General, Fair Labor Division regarding its investigation and potential resolution of the matter.

20. While those discussions were ongoing, Lucas Tree reiterated to MassDOT District 5 and District 6 on more than one occasion that should Lucas Tree be required to pay higher prevailing wage rates than it set out in its bids and what was agreed to by MassDOT for work on the Contracts, Lucas Tree intended to look to MassDOT for adjustments in the Contracts.

21. In March 2019, after negotiations with the Office of the Attorney General, Fair Labor Division were unsuccessful, Lucas Tree and Arthur W. Batson, Jr., individually as President of Lucas Tree, received three Citations for Violation of Massachusetts Wage and Hour Laws from the Office of the Attorney General, Fair Labor Division.

22. The Citation for Violation of Massachusetts Wage and Hour Laws for Contract # 64695 totals $105,339.36 (comprised of a demand for Restitution $90,339.36 and a Civil Penalty of $15,000) for failure to pay prevailing wages for work performed for MassDOT.

23. The Citation for Violation of Massachusetts Wage and Hour Laws for Contract # 66675 totals $90,310.21 (comprised of a demand for Restitution $75,310.21 and a Civil Penalty of $15,000) for failure to pay prevailing wages for work performed for MassDOT.

24. The third Citation for Violation of Massachusetts Wage and Hour Laws was for a Civil Penalty of $5,000 for failure to submit true and accurate certified payroll records related to Contract # 64695.

25. Lucas Trees denies the allegations made in these Citations and that it committed any wrongdoing or violation of Massachusetts Wage and Hour Laws.

26. Upon receipt of the Citations, Lucas Tree timely requested that MassDOT District 5 and District 6 make equitable adjustments under the Standard Specifications for Highways and Bridges, as amended and supplemented (the "Standard Specifications"), Subsection 4.06 to Contract # 64695 and Contract # 66675 to account for increased actual costs for direct labor that it incurred due to the Office of the Attorney General, Fair Labor Division's demands for restitution of wages, if the Citations are upheld.

27. To the extent the Citations are upheld, when MassDOT approved the prevailing wage rates that Lucas Tree proposed and included them as specifications in the Contracts, MassDOT's contractual terms contradicted applicable Massachusetts Wage and Hour Laws.

28. Regarding the equitable adjustment request for Contract # 64695, on January 17, 2019, MassDOT District 5 recognized its contractual obligation to pay for actual costs for direct labor and agreed to make the adjustment in the amount of $55,183.02.

29. To date, MassDOT District 5 has not made payment of the adjustment set forth in the preceding paragraph and Lucas Tree has not accepted such amount as adequate.

30. On March 21, 2019, MassDOT District 6 acknowledged Lucas Tree's equitable adjustment request for Contract # 66675 and requested additional information, which Lucas Tree provided.

31. However, to date, MassDOT District 5 and District 6 have failed to make the equitable adjustments that are required and to which Lucas Tree is entitled with regard to Contract # 64695 and Contract # 66675 for actual costs for direct labor that Lucas Tree will incur related to the Contracts' work, if the Citations are upheld.

32. As a result of MassDOT's actions and failures to act, Lucas Tree has been deprived of full payment of its actual costs for direct labor that it incurred, if the Citations are upheld, in the amount of at least $165,649.57.

33. In addition, as a result of MassDOT's actions and failures to act, if the Citations are upheld, Lucas Tree has incurred Civil Penalties of $35,000.

## **CLAIMS OF LIABILITY**

### **COUNT I**
**(Declaratory Judgment)**

34. The Plaintiff repeats the allegations contained in the paragraphs above and below as if fully stated herein.

35. All parties whose rights would be affected by a judgment in this case are parties to this action.

36. An actual controversy exists between Lucas Tree and MassDOT as to whether MassDOT is liable, through its actions and failures to act as alleged herein, in whole or in part, for full payment of the actual costs for direct labor that Lucas Tree incurred, in the amount of at least $165,649.57, and for the Civil Penalties that Lucas Tree incurred, in the amount of $35,000,

to the extent that the Citations issued by the Office of the Attorney General, Fair Labor Division are upheld.

37. This actual controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38. Lucas Tree seeks and is entitled to a declaratory judgment that, to the extent that the Citations issued by the Office of the Attorney General, Fair Labor Division are upheld, MassDOT, who through its actions and failures to act as alleged herein, is liable, in whole or in part, for full payment of the actual costs for direct labor that Lucas Tree incurred, in the amount of at least $165,649.57, and for the Civil Penalties that Lucas Tree incurred, in the amount of $35,000.

## COUNT II
### (Breach of Contract)

39. The Plaintiff repeats the allegations contained in the paragraphs above and below as if fully stated herein.

40. Contract # 64695 and Contract # 66675 are valid, legal, and binding contracts between Lucas Tree and MassDOT.

41. Lucas Tree complied with the terms of the Contracts and has performed its obligations under those Contracts.

42. MassDOT District 5 and District 6 materially breached the Contracts when they failed without legal excuse to perform promises under the contracts, including the promise to pay Lucas Tree's actual costs for direct labor for work under the Contracts.

43. MassDOT District 5's and District 6's obligations under the Contracts were important to the purpose of the contracts and were not merely technical or incidental to them.

44. As a result of MassDOT's material breaches, the Plaintiff has suffered damages and costs, which are within the jurisdictional limits of this Court.

## COUNT III
### (In the Alternative, Unjust Enrichment/Quantum Meruit)

45. The Plaintiff repeats the allegations contained in the paragraphs above and below as if fully stated herein.

46. Lucas Tree rendered benefits, including, but not limited to, labor and services to MassDOT.

47. Lucas Tree provided such benefits to MassDOT under circumstances that made it reasonable for Lucas Tree to expect payment.

48. MassDOT had knowledge of and consented to receive such benefits provided by Lucas Tree.

49. MassDOT has retained the benefits without making full payment to Lucas Tree for the value of such benefits, including, but not limited to, the actual labor costs incurred as now determined by the Office of the Attorney General, Fair Labor Division.

50. In light of the above, MassDOT's retention of such benefits is unjust and unfair, and MassDOT has been unjustly enriched as a result.

51. The reasonable cost of the benefits that Lucas Tree provided to MassDOT District 5 and District 6, for which Lucas Tree has not received payment, is at least $165,649.57.

52. MassDOT District 5 and District 6 are obligated to satisfy these damages, along with any restitution and/or equitable relief.

## COUNT IV
### (Breach of Warranty)

53. The Plaintiff repeats the allegations contained in the paragraphs above and below as if fully stated herein.

54. By agreeing to and incorporating the prevailing wage rates that Lucas Tree proposed into the Contracts as contract terms, MassDOT District 5 and District 6 expressly and impliedly warranted that the proposed prevailing wage rates were accurate and appropriate for the Contracts' work and conformed to applicable wage and hours laws within the Commonwealth of Massachusetts.

55. Lucas Tree relied on MassDOT's express and implied warranty in performing work for MassDOT under the Contracts.

56. MassDOT breached that warranty by awarding and executing contracts with inadequate prevailing wage rates in violation of Massachusetts law, and by paying Lucas Tree for less than the actual cost of labor that Lucas Tree incurred.

57. MassDOT District 5's and District breaches of warranty were the direct and proximate causes of Lucas Tree's damages of not less than $200,649.57.

## COUNT V
### (Negligent Misrepresentation)

58. The Plaintiff repeats the allegations contained in the paragraphs above and below as if fully stated herein.

59. By agreeing to and incorporating the prevailing wage rates that Lucas Tree proposed into the contracts as specifications, MassDOT represented that these prevailing wage rates were accurate and appropriate for the work to be provided, and conformed to applicable wage and hours laws within the Commonwealth of Massachusetts.

60. Lucas Tree relied on MassDOT's representations in performing work for MassDOT District 5 and District 6 under the Contracts.

61. MassDOT's specifications of the prevailing wage rates were false and/or misleading, and constitute negligent misrepresentations as to the accurate and appropriate prevailing wage rates for the work that Lucas Tree performed under the Contracts.

62. As a direct and proximate result of MassDOT District 5's and District 6's negligent misrepresentations, Lucas Tree has suffered damages of not less than $200,649.57.

## COUNT VI
### (Reformation of Contracts Due to Mutual Mistake)

63. The Plaintiff repeats the allegations contained in the paragraphs above and below as if fully stated herein.

64. To the extent the Citations are upheld, due to mutual mistake when MassDOT approved the prevailing wage rates that Lucas Tree proposed and included them as specifications in the Contracts, the Contracts contain terms that contradict applicable Massachusetts Wage and Hour Laws and deprive Lucas Tree of payment of the actual costs for direct labor that it incurred while performing under the Contracts.

65. The language of the Contracts does not reflect the true intent of both parties. Therefore, the Contracts are reformable under Massachusetts law.

66. It is therefore necessary and proper that the Contracts be reformed so that their terms conform to applicable Massachusetts Wage and Hour Laws and result in full payment to Lucas Tree of the actual costs for direct labor that it incurred while performing under the Contracts.

67. Under Massachusetts law, the Court may exercise its equitable powers to reform the Contracts to reflect the true understanding between the parties.

68. 28. All conditions precedent to the maintenance of this action have been performed.

**<u>PRAYERS FOR RELIEF</u>**

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Declare that to the extent the Citations issued by the Office of the Attorney General, Fair Labor Division are upheld, MassDOT, who through its actions and failures to act as alleged herein, is liable, in whole or in part, for full payment of the actual costs for direct labor that Lucas Tree incurred, in the amount of at least $165,649.57, and for the Civil Penalties that Lucas Tree incurred, in the amount of $35,000;

B. Enter judgment against the Defendant on Counts II - V;

C. As to Count III, equitably reform the Contracts based on mutual mistake;

D. Award the Plaintiff damages as follows: on Count II, IV, V, and VI for not less than $200,649.57; or in the alternative on Count III for not less than $165,649.57;

E. Award Plaintiff pre- and post-judgment interest on all damages and attorneys' fees and costs; and

F. Grant such further relief as is just and proper.

                              Respectfully submitted,
                              John Lucas Tree Expert Co.,
                              By its attorneys,

                              BERNSTEIN, SHUR, SAWYER & NELSON, P.A.

Dated: May 29, 2019                By:   /s/ Asha A. Echeverria
                                                George F. Burns, Esquire BBO# 680593
                                                Asha A. Echeverria, Esquire BBO# 569182
                                                100 Middle Street

Portland, Maine 04101
(207) 774-1200
gburns@bernsteinshur.com
aecheverria@bernsteinshur.com

Christina A. Ferrari, Esquire BBO# 569006
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, New Hampshire 03105
(603) 623-8700
cferrari@bernsteinshur.com

**Certificate of Service**

I hereby certify that on the date stated above I electronically filed this document with the Clerk of the Court using the CM/ECF system that will send notification of such filing(s) to all attorneys of record.

              */s/ Asha A. Echeverria*